UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ARKINSON, on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>LORO PIANA & C. INC.,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff CHRISTINE ARKINSON ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against LORO PIANA & C. INC. ("Defendant" or "Loro Piana"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action for Defendant's violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL §§ 160, 650 et seq., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay employees for all hours worked, NYLL §§ 193, 663; (iv) the NYLL's requirement that employers pay earned commissions under the NYLL, NYLL § 191-c; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3), as codified in the New York Wage Theft Prevention Act (the "WTPA"); and (vi) any other cause(s) of action that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's uniform and systemic violations of the NYLL and the NYCRR.

## PRELIMINARY STATEMENT

4. Loro Piana is a high-end luxury fashion retailer that employs a workforce of commissioned sales associates to sell its merchandise. These associates, who are referred to as client advisors, earn their compensation primarily through commissions on sales generated during scheduled store hours.

5. Central to this action, when they perform work outside those hours, including communicating with supervisors and clients by phone, text, and email to facilitate sales and respond to inquiries, Loro Piana's own written policy requires that this time be recorded and compensated at the client advisor's established hourly rate. But Loro Piana has not honored that obligation and as a result, has failed to pay the wages lawfully owed to its client advisors.

6. For years, Defendant required and permitted its commissioned client advisors to perform substantial work outside of scheduled hours, responding to supervisor and client inquiries, conducting sales transactions, and carrying out related business activities, without compensating them for that time.

7. Plaintiff Christine Arkinson, a client advisor at the Loro Piana's East Hampton location since December 2021, regularly worked at least three additional hours per day, virtually every day of her employment, amounting to at least approximately fifteen hours per week, outside her scheduled shifts in exactly this manner. Her supervisor explicitly instructed her that she would not be paid for this time, and therefore she was not paid.

8. Additionally, despite a written commission agreement to pay client advisors, including Plaintiff, a Sales Team Pool Commission, which was 1% of the store's net monthly store revenue target, Defendant failed to pay Plaintiff the commission she was owed according to the terms of the commission plan.

9. Because Defendant applied this practice uniformly across its non-exempt commissioned client advisors, this action is brought as both an FLSA collective action and an NYLL class action to recover the unpaid overtime wages and commissions owed to Plaintiff and all others similarly situated.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

12. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

13. At all relevant times herein, Defendant was and is a New York corporation, with its principal place of business located at 40 West 57th Street, New York, New York 10019.

14. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA. Defendant's qualifying annual gross volume of sales made or business done exceeds $500,000.00, Defendant employs two or more people, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it sources merchandise from vendors across the country and abroad, accepts payment through banking systems and credit card processors operating across state lines, and conducts business across multiple states, all of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former client advisors who, during the applicable FLSA limitations period, performed work for Defendant at any Loro Piana retail location in New York, and who consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek off-clock outside

scheduled hours; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendant was and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at a rate equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose not to do so.

18. Defendant's knowledge of this obligation is evidenced, in part, by its own written policy in its handbook, which expressly acknowledges that employees keep track of their own time and that "Off-the-Clock" work constitutes compensable time that must be recorded and paid.

19. Despite issuing this policy, Defendant systematically failed to compensate Plaintiff and similarly situated associates for this time, demonstrating Defendant's willful violations of the FLSA by having a written policy that appears to comply with the law while having a *de facto* policy that intentionally and abjectly violates the FLSA.

20. The precise number of FLSA Plaintiffs is readily available through a review of Defendant's personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and opt-in process provided by 29 U.S.C. § 216(b).

21. All FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully failing to pay overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

22. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated

who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

23. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former client advisors who performed any work for Defendant during the applicable statutory period within the State of New York ("Rule 23 Plaintiffs").

24. All of the requirements under FRCP 23(b)(3) are satisfied, as set forth below.

25. Plaintiff and the Rule 23 Plaintiffs have all been injured in that they were uncompensated for work performed outside of scheduled hours, and their commissions. Plaintiff and the Rule 23 Plaintiffs were deprived of their ability to purchase with their timely wages, invest their timely wages, accrue interest on their timely wages, or otherwise utilize the value those wages would have held had they been paid timely.

<u>Numerosity and Ascertainability</u>

26. During the applicable NYLL limitations period, Defendant employed at least forty employees who are putative members of this class. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendant's personnel, time, and payroll records.

<u>Common Questions of Law and Fact</u>

27. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties Defendant required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Defendant required or permitted Rule 23 Plaintiffs to perform work outside their scheduled hours, including responding to client inquiries via phone, text, and email; (4) whether Defendant failed to pay Rule 23 Plaintiffs overtime compensation at one and one-half times their regular rates of pay for all

hours worked in excess of forty hours in a workweek; (5) whether Defendant failed to pay Rule 23 Plaintiffs straight time for work performed during non-scheduled hours; (6) whether Defendant failed to pay Rule 23 Plaintiffs their commissions earned; (7) whether Defendant furnished Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (8) whether Defendant kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (9) whether Defendant kept and maintained records with respect to the compensation it paid to Rule 23 Plaintiffs for each hour worked; (10) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (12) what constitutes the proper measure of damages.

Typicality of Claims and Defenses

28. As described in the "Background Facts" section below, Defendant employed Plaintiff and the Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs, as the Rule 23 Plaintiffs: work and/or have worked for Defendant as non-exempt client advisors in New York; Defendant did not pay them overtime compensation of one and one-half times their regular rates of pay for all off-clock hours worked in excess of forty per workweek; Defendant did not pay them for straight time for work performed during non-scheduled hours; Defendant did not pay them their commissions earned; and Defendant did not provide them with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty; to be paid straight time for all hours worked; to receive their commissions earned; and to be furnished with accurate wage statements on each payday. Plaintiff

and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations.

Adequacy

29. Plaintiff worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant. Defendant did not pay Plaintiff overtime for off-clock hours that Plaintiff worked above forty hours in the workweek, did not pay them straight time for all hours worked during non-scheduled hours, did not pay them their earned commission, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendant treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all matters raised in this Complaint. Thus, Plaintiff will properly and adequately represent the current and former employees whom Defendant subjected to the treatment alleged herein.

30. Additionally, Plaintiff's counsel, Stevenson Marino LLP, has substantial experience in the field of employment law.

31. Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

Superiority

32. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of

class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

33. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. At all relevant times, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

34. Any lawsuit brought by any client advisor employed by Defendant in New York would be identical to a suit brought by any other client advisor for the same violations. Separate litigation would therefore risk inconsistent results.

35. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

### *Loro Piana's Timekeeping Policies for its Client Advisors*

36. Loro Piana is a national luxury and upscale fashion retailer operating multiple locations throughout the United States. Its flagship store is located at 748 Madison Avenue in New York City.

37. Loro Piana employs non-exempt client advisors at all of its retail locations. These client advisors earn a base hourly rate plus commissions for their sales.

38. Defendant pays these employees on an hourly basis.

39. In its handbook, Loro Piana states: "Each day, non-exempt employees must accurate and completely record all time worked on a time tracking system. Non-exempt employees must record when they commence work, when they end work, and when they take meal periods and periods of leave."

40. Loro Piana also contains a section in its handbook titled "Off-the-Clock Work," which states that "Non-exempt employees are prohibited from working "off the clock" (i.e. – working without recording or submitting the time for compensation), even if they are working away from their ordinary work location or outside their regularly scheduled hours. The Company also prohibits anyone (including supervisors) from asking or pressuring non-exempt employees to work 'off-the-clock' or to inaccurately record working hours."

41. For its non-exempt employees, including client advisors, Loro Piana had a timekeeping system that only permitted employees to clock in and out of its system when it was on the store location's Wi-Fi, preventing employees from recording their hours when not at the store's location.

42. Loro Piana's policy unequivocally requires that any time spent responding to supervisors or customers outside of scheduled hours must be reported and compensated. But this is precisely the category of work that Defendant has failed to pay its client advisors for, including Plaintiff.

***Loro Piana's Sales Team Pool Commission***

43. In addition to an agreement to pay client advisors Individual Commission, Lora Piana has a Sales Team Pool Commission agreement to pay all client advisors a percentage of their respective store's Net Monthly Store Revenue.

44. The commission agreement states that the "Sales Team Pool Commission is calculated monthly based on the applicable store's (i.e., the store location at which the Participant is employed) Net Monthly Store Revenue (as defined below).

45. The Sales Team Incentive Commission Rate is defined as 1.00% of the store's revenue.

***<u>Plaintiff's Employment at Loro Piana's</u>***

46. Plaintiff began her employment working as a client advisor for Defendant in December 2021.

47. Plaintiff worked at Loro Piana's East Hampton store, located at 45 Main Street, East Hampton, New York 11937.

48. In addition to her Individual Commission and Sales Team Pool Commission, Plaintiff was compensated on an hourly basis of $30.00 per hour at the beginning of her employment, which increased to $34.00 per hour by the end of her employment in August 2026.

49. Plaintiff worked her scheduled hours at the East Hampton store two to four days per week, from 9:30 a.m. to 5 p.m.

50. In addition to her scheduled hours, Plaintiff's supervisor communicated regularly with her concerning work-related matters by phone and text, requiring Plaintiff to respond to inquiries, facilitate sales, and conduct related business activities.

51. Plaintiff was also responsible for communicating with clients via phone and text, in order to respond to inquiries, facilitate sales, and conduct related business activities.

52. On January 20, 2025, Plaintiff inquired with her supervisor about working "off-the-clock" during her non-scheduled hours, specifically inquiring about whether she "can get clocked for some of [her] time," and provided texts with clients as evidence of her compensable time.

53. In response, on January 20, 2025, Plaintiff's manager, Abbie Idavoy, responded that "Everyone takes client texts from home and we don't clock them. It's not that it's not work, it's just that we have to set 1 standard."

54. As another example, Idavoy would request that Plaintiff provide her upcoming weeks of availability so that Idavoy could work on the store schedule, despite this being a task that was supposed to be completed during working hours.

55. Plaintiff would routinely receive texts and calls from her manager, including Idavoy's successor, Alan Tobman, during her non-working hours. If Plaintiff did not pick up the call, Tobman would direct Plaintiff to return his call during her non-scheduled hours.

56. For example, on June 3, 2025, Tobman left Plaintiff a message at 5:27 p.m. stating that "You're not answering me the phone [sic] call me back please."

57. As another example, Tobman texted Plaintiff a message at on or around June 3, 2025, at 10:14 p.m., showing her a picture of a bag and explaining a workplace issue. Plaintiff responded that it "was almost 11:00 p.m." and asked "Is this really urgent?"

***Off-Clock Work and Defendant's Failure to Compensate***

58. For the entirety of her employment, Plaintiff worked significant hours off the clock.

59. Specifically, she regularly worked at least three additional hours per day, virtually every day of her employment, amounting to at least approximately fifteen hours per week, outside her scheduled shifts performing the above detailed work.

60. This off-clock work was expressly acknowledged by Loro Piana management and is explicitly compensable according to the handbook.

61. Plaintiff's supervisors were at all relevant times aware that Plaintiff regularly performed this off-clock work.

62. As a result, Defendant failed to pay Plaintiff for all of the hours she worked, including any hours that Plaintiff worked over forty at the statutorily applicable overtime rate.

63. Plaintiff's regularly scheduled in-store hours, combined with the minimum of approximately fifteen hours per week of off-clock work she performed, resulted in her routinely working forty-five hours in a workweek, exceeding forty hours per workweek.

64. Defendant paid her no compensation – neither overtime nor straight-time – for the non-scheduled hours worked, including those beyond forty.

**Failure to Pay Earned Sales Team Pool Commission**

65. Despite the Sales Team Pool Commission to require Loro Piana to pay Plaintiff 1% of the store's Net Monthly Store Revenue, Defendant reduced Plaintiff's portion according to an arbitrary amount of hours worked.

66. When Plaintiff realized that she was not receiving the 1% earned commission, she brought it to her manager's attention in or around January 2026.

67. Defendant stated that because she was not full-time, she was paid a reduced commission on the basis that she worked an arbitrary 16 hours per week. Defendant confirmed that all client advisors that were considered part-time were paid this reduced amount, although it had no actual relation to hours worked.

68. As a result, despite the fact that Plaintiff worked many more hours than 16 hours per week, Defendant deprived Plaintiff of her earned commission on each workweek that it was required to pay her the Sales Team Pool Commission.

69. Conceding its error, Defendant paid Plaintiff a one-time payment of $13,340.73, based on an internal calculation. Defendant conceded that the actual amount of commission that Defendant had deprived Plaintiff was too difficult to calculate.

70. As a result, Plaintiff was not paid her full commission earned according to this policy.

71. As a result of the foregoing wage practices, Plaintiff's wage statements did not reflect the full hours she worked and did not include any compensation for the after-hours work she performed.

72. Plaintiff suffered a concrete injury in fact due to Defendant's failure to provide her with timely and accurate wage statements on each pay day or a timely and accurate wage notice upon hire because, lacking any real documentation from Defendant that confirmed her eligibility to be paid for her off-the-clock hours whether under forty hours or as overtime pay, and that showed her true hours and pay, she felt unable to meaningfully advocate for herself and others due to the lack of accurate information provided to them during each pay period.

73. If Plaintiff's paystubs accurately reflected the actual hours she worked and had worked, and if she would have been made aware upon hire that she was entitled to be paid for all hours before and after her on-the-clock shifts, and at time and one-half her regular rates of pay for all hours over forty.

74. Indeed, because Plaintiff was not aware that she should have received compensation for the work before and after her shifts responding to customer or management inquiries, and that she should have received straight-time and/or overtime compensation for all hours worked, Plaintiff waited years before raising her wage complaints against Defendant, causing her to lose the time-value of the money she should have earned if she was accurately appraised of her total hours worked each week without receiving pay for all of those hours at the correct rates.

75. The pattern of requiring and permitting commissioned client advisors to perform off-clock client communications without compensation was not limited to Plaintiff, as Plaintiff's

own manager acknowledged. The standard at Loro Piana was that "everyone takes client texts from home and we don't clock them." This was because Defendant had "to set 1 standard."

76. Upon information and belief, Defendant applied the same practices to other non-exempt client advisors at its stores throughout New York, who were similarly required or permitted to respond to client communications outside of scheduled hours without receiving overtime pay.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT

*Unpaid Overtime under the FLSA*

77. Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

79. As described above, Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

80. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week by performing off-clock work outside their scheduled hours, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

81. Defendant willfully violated the FLSA. Despite issuing a written policy acknowledging that after-hours customer contact constitutes compensable work time, Defendant instructed Plaintiff not to report this time and failed to compensate Plaintiff and similarly situated associates for any of the hours worked beyond forty in a workweek.

82. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

83. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**

*Unpaid Overtime under the NYLL and the NYCRR*

84. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

86. Defendant is an "employer" within the meaning of the NYLL and the NYCRR, while Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL and the NYCRR.

87. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked in excess of forty hours per workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

88. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

89. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

**<u>THIRD CLAIM FOR RELIEF AGAINST DEFENDANT</u>**

*<u>Unpaid Wages under the NYLL</u>*

90. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff(s) who opts-into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91. NYLL § 663(1) provides in part "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she will recover in a civil action the amount of such underpayments. . . ."

92. Defendant willfully failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff(s) who opts-into this action with wages for all the hours worked under forty per week whenever they worked fewer than forty hours in a week in-store, but continued working off-the-clock after-hours responding to customer / client inquiries, servicing clients, and communicating with Defendant staff and management to facilitate sales.

93. As result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff(s) who opts-into this action are entitled to payment of these hours at their regular rate of pay.

94. Specifically, Defendant's failure to pay these hours – known as "gap time" wages – is prohibited by Section 193 of the New York Labor Law which expressly prohibits an employer from making unauthorized deductions from employees' wages.

95. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff(s) who opts-into this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the NYLL.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Sales Commission in Violation of the NYLL*

96. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

97. NYLL § 191-c requires employers to pay all earned commissions on a timely basis, to be paid within five business days after termination.

98. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

99. As also described above, Defendant failed to compensate Plaintiff, and FLSA Plaintiff who opts into this action, in accordance with the agreed terms of employment by failing to pay their sales commission on a timely basis.

100. As a result of Defendant's failure to pay Plaintiff, and any FLSA Plaintiff who opts into this action, all of their earned commission, Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to all unpaid commission, liquidated damages, interest, and attorneys' fees.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

101. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

102. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

103. Defendant is an "employer" within the meaning of the NYLL, while Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL.

104. As described above, Defendant, on each payday, failed to furnish Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL, specifically by failing to accurately record all hours worked and all wages owed, including overtime hours performed off the clock.

105. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

106. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant, and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and her counsel as class and collective action representatives under the FRCP and the FLSA;

g. An award of damages for all unpaid straight-time and/or overtime compensation due and owing to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs, plus liquidated damages, interest, and attorneys' fees and costs as provided for under the FLSA and NYLL;

h. An award for failure to provide accurate wage statements as required by NYLL § 195(3);

i. A service award to Plaintiff for her role as class and collective action representative;

j. An award to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for the costs and disbursements of this action, including reasonable attorneys' fees, expert fees, and other costs;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
October 19, 2026

Respectfully submitted,

Stevenson Marino LLP
*Attorneys for Plaintiffs*
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(212) 939-7229
jmaguire@stevensonmarino.com

By: ______________________________
Jeffrey R. Maguire